UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE KING-DANIELS,

        Plaintiff,                        No. 16-cv-11606

vs.                                          Hon. Gerald E. Rosen

BANK OF AMERICA, N.A. and
CARRINGTON MORTGAGE
SERVICES, LLC,

        Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS

### I. INTRODUCTION

This action challenging a mortgage foreclosure is presently before the Court on the Motion to Dismiss filed by Defendant Bank of America, N.A. ("BANA") on August 22, 2016. Plaintiff was ordered to file a response to Defendant's motion and given more than 30 days, until September 30, 2016, to do so. The time for responding now has expired and no response has been filed. Having reviewed Defendant's Motion and supporting documents, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the Court will decide this matter based on the duly-filed documents and pleadings which form the record of this matter.

II.  FACTUAL BACKGROUND

This case matter involves a mortgage on residential property located at 18500 Scarsdale Street, Detroit, Michigan.  On September 11, 2008, Plaintiff Nicole Daniels-King entered into a mortgage loan transaction with non-party Towne Mortgage Company ("Towne").  As security for the loan, Plaintiff executed a promissory note in the amount of $83,480.00, as well as a mortgage on the property, in favor of non-party Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Towne and its successors and assigns.  BANA (and/or its predecessors in interest) serviced the mortgage loan until December 1, 2015.  As of December 1, 2015, however, the loan servicing was transferred to Defendant Carrington Mortgage Services, LLC ("Carrington").[1]  Plaintiff was timely notified of the transfer.  [*See* Complaint, Exs. C and D.]

Plaintiff admits that she defaulted on her obligations under the mortgage and note. [*See* Complaint, ¶¶ 10, 11.]  She was warned several times that failure to bring her mortgage indebtedness current would result in foreclosure.  [*See* Complaint, Exs. A and B, Pg ID Nos. 17-18, 25-26, 29.]  Plaintiff failed to bring her indebtedness current.  As a result, Carrington initiated foreclosure proceedings on the property, and set the foreclosure sale for April 14, 2016.  *Id.*, ¶ 25.  In an attempt to avoid foreclosure, two days later, on April 12, 2016, Plaintiff filed the instant action in the Wayne County Circuit Court.  BANA thereafter timely removed the case to this Court.

---

[1] There is no evidence of record showing that Carrington has ever been served with process in this matter.

In her Complaint, Plaintiff alleges that, in 2015, BANA "had been allowing Plaintiff to pay 60-89 days," *id.,* ¶ 10, and "adjusted Plaintiff's loan payment from $1,124.26 to $962.27." *Id.*, ¶ 11. Plaintiff alleges that after the loan servicing was transferred, Carrington failed to honor the alleged modification of the due date and payment amount, Complaint, ¶¶ 14-19, and declared her in default.

Plaintiff alleges one cause of action against "Defendants" (collectively) entitled "Violation of Michigan Mortgage Protection Act and the Fair Debt Collection Practices Act." In support of this claim, Plaintiff alleges that "Defendants [plural] failed to provide Plaintiff with verification of the debt" as she had requested in an e-mail directed towards Carrington's foreclosure counsel. [Complaint ¶ 20 and Ex. G.] Plaintiff further alleges that an inaccurate "redemption amount" was listed in the notice of foreclosure published by Carrington's foreclosure counsel, and that she was given an inaccurate "reinstatement amount" in correspondence received from Carrington's foreclosure counsel. [Complaint at ¶¶ 21-23 and Ex. H.] No material allegations are directed specifically against BANA.

III. DISCUSSION

A. APPLICABLE STANDARDS

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted. . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin American Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007). Yet, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (internal quotation marks, alteration, and citations omitted). Rather, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level," and "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 555, 570, 127 S. Ct. at 1965, 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S. Ct. at 1949. The plausibility standard, however, "asks for more than a sheer possibility that a

defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant' liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Applying the foregoing standards, the Court concludes that Defendant's Motion to Dismiss in this case should be granted.

B.  PLAINTIFF FAILS TO ASSERT ANY MATERIAL ALLEGATIONS AGAINST BANA

As noted above, Plaintiff fails to assert any material allegations of alleged wrongdoing as to BANA. Plaintiff's claim is premised on allegations of improper servicing and foreclosure by Carrington and its foreclosure counsel. [Complaint ¶¶ 20-26.] Plaintiff admits that BANA was not servicing the mortgage loan at the time foreclosure proceedings were initiated, and she does not allege that BANA played any part in either the foreclosure activities or the alleged failure to provide accurate redemption or reinstatement amounts. *Id*. And, while BANA denies that it modified the payment terms of the loan, even accepting Plaintiff's assertion as true, the allegations related to Carrington's failure to honor the alleged modification of the payment terms do not give Plaintiff a basis for recovery against BANA.

However, even if the Court were to find that the claims in the Complaint are directed at BANA, on the merits, Plaintiff fails to make out a cognizable claim on which relief may be granted.

C.  PLAINTIFF FAILS TO PLEAD A VIOLATION OF THE "MICHIGAN MORTGAGE PROTECTION ACT" AS TO BANA

Plaintiff alleges that BANA and Carrington violated the "Michigan Mortgage Protection Act." Presumably, Plaintiff means the Michigan Consumer Mortgage Protection Act ("CMPA"), M.C.L. § 445.1613 *et seq*. Section 1634 of the CMPA provides, in relevant part,

> A person, appraiser, or real estate agent shall not make, directly or indirectly, any false, deceptive, or misleading statement or representation in connection with a mortgage loan. . . .

M.C.L. § 445.1634.

Plaintiff, however, has failed to allege any false or misleading representations on the part of BANA.

More importantly, even if Plaintiff had alleged facts showing false or misleading statements by BANA, the CMPA does not provide for a private cause of action. *See Strickfaden v. Park Place Mortgage Corp*., 2008 WL 3540079 (E.D. Mich. Aug. 12, 2008); *Greene v. Benefit Mortgage Corp*., 2009 WL 56056 at *4 (E.D. Mich. Jan. 8, 2009). Rather, the CMPA provides only for enforcement actions brought by the commissioner (§ 445.1639), or by the attorney general or county prosecutors (§ 445.1640). Accordingly, any claim against BANA under the CMPA fails as a matter of law.

D.  PLAINTIFF CANNOT MAKE OUT A CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST BANA

Similarly, BANA is exempt from liability under the Fair Debt Collection Practices Act ("FDCPA").  The FDCPA applies only to "debt collectors," which are defined by statute as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be ... owed or due another. . . . The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6).  Notably, "(o)nly debt collectors -- not creditors -- are subject to the provisions of the FDCPA." *Scally v. Hilco Receivables, LLC*, 392 F. Supp. 2d 1036, 1037 (N.D. Ill. 2005); *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) ("[C]reditors are not subject to the FDCPA when collecting their accounts.") "The law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Scott v. Wells Fargo Home Mortgage, Inc*., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003).

In this case, BANA is exempt from the FDCPA because it is undisputed that, at all times relevant hereto, it was the servicer of Plaintiff's mortgage loan.  Mortgage servicers are expressly exempt from the FDCPA unless a Plaintiff alleges that a debt was in default when the servicer commenced servicing.  *See Scott*, 326 F. Supp. 2d at 718.  Here, Plaintiff fails to allege that the loan was in default when BANA commenced servicing it.

Moreover, Plaintiff fails to allege any facts that, if true, would establish that BANA violated the FDCPA in any manner.  As stated above, all material allegations of wrongdoing are directed at Carrington and its foreclosure counsel.  Therefore, Plaintiff's FDCPA claim against BANA fails as a matter of law.

E.  THE STATUTE OF FRAUDS BARS ANY CLAIM THAT BANA MODIFIED THE PAYMENT TERMS OF THE LOAN

The only allegations that arguably pertain to BANA are allegations that BANA modified the loan (that later Carrington did not honor).  Plaintiff asserts that BANA modified the terms of the loan by allowing her to pay 30-89 days late and to pay less than the regular monthly payment amount.  [Complaint ¶¶ 10, 11 and Exs. A and B.] To the extent that Plaintiff seeks to hold BANA responsible for the failure to honor the modifications, any such claim fails as a matter of law under Michigan's statute of frauds, M.C.L. § 566.132(2)(b), which provides:

> An action shall not be brought against a financial institution to enforce [promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation] unless the promise or commitment is in writing and signed with an authorized signature by the financial institution.

The statute plainly states that a party is precluded from bringing a claim -- no matter its label -- against a financial institution to enforce the terms of an alleged promise to modify a loan provision if the alleged promise is not in writing and signed by the financial institution.  Plaintiff's attempt to characterize her claim as an action under the CMPA or the FDCPA, rather than as one for breach of contract, does not avoid the

8

statutory bar. *See Crown Tech. Park v. D&N Bank*, 242 Mich. App. 538, 554 (2000) (holding that M.C.L. § 566.132(2) precludes any claim to enforce a financial institution's alleged promise to waive or modify a loan provision, "no matter its label." *Id*. at 550.)

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Bank of America, N.A.'s Motion to Dismiss is GRANTED. Accordingly,

IT IS FURTHER ORDERED that Plaintiff's Complaint against Defendant Bank of America, N.A. is DISMISSED, WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Complaint against Carrington Mortgage Services, LLC is DISMISSED, WITHOUT PREJUDICE, for failure to prosecute.

s/Gerald E. Rosen
United States District Judge

Dated: October 11, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 11, 2016, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135